**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4055**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DAVID SHAUN LONG,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Terry L. Wooten, Chief District Judge.  (3:16-cr-00653-TLW-1)

Submitted:  July 26, 2018                                      Decided:  July 30, 2018

Before GREGORY, Chief Judge, FLOYD, Circuit Judge, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Derek J. Enderlin, ROSS & ENDERLIN, PA, Greenville, South Carolina, for Appellant. Benjamin Neale Garner, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Shaun Long pled guilty, pursuant to a written plea agreement, to conspiracy to possess with intent to distribute and to distribute oxycodone, in violation of 21 U.S.C. §§ 841(b)(1)(c), 846 (2012). The district court sentenced Long to 200 months' imprisonment, within the 188- to 235-month advisory Sentencing Guidelines range. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but questioning the district court's compliance with Rule 11 of the Federal Rules of Criminal Procedure and the reasonableness of the sentence. Long was advised of his right to file a pro se supplemental brief, but has not filed one. The Government declined to file a brief.

Because Long did not move in the district court to withdraw his guilty plea, we review the guilty plea hearing for plain error. *United States v. Martinez*, 277 F.3d 517, 525 (4th Cir. 2002). "To establish plain error, [Long] must show that an error occurred, that the error was plain, and that the error affected his substantial rights." *United States v. Muhammad*, 478 F.3d 247, 249 (4th Cir. 2007). Even if Long satisfies these requirements, "correction of the error remains within our discretion, which we should not exercise . . . unless the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* (citation and internal quotation marks omitted). Our review of the record leads us to conclude that the district court substantially complied with Rule 11 in accepting Long's guilty plea, which Long entered knowingly and voluntarily.

Turning to Long's sentence, we review a sentence for procedural and substantive reasonableness under a deferential abuse of discretion standard. *Gall v. United States*,

2

552 U.S. 38, 51 (2007). We must first ensure that the district court did not commit any "significant procedural error," such as failing to properly calculate the applicable Guidelines range, failing to consider the 18 U.S.C. § 3553(a) (2012) sentencing factors, or failing to adequately explain the sentence. *Id*. If we find the sentence procedurally reasonable, we then consider its substantive reasonableness. *Id*. at 328. We presume on appeal that a sentence within the properly calculated Guidelines range is substantively reasonable. *United States v. Dowell*, 771 F.3d 162, 176 (4th Cir. 2014). "That presumption can only be rebutted by showing that the sentence is unreasonable when measured against the . . . § 3553(a) factors." *United States v. Vinson*, 852 F.3d 333, 357-58 (4th Cir. 2017) (internal quotation marks omitted).

Upon review, we discern no procedural or substantive sentencing error by the district court. The district court correctly calculated Long's advisory Guidelines range, heard argument from counsel, provided Long an opportunity to allocute, and considered the § 3553(a) sentencing factors. We have reviewed the record and conclude that Long's within-Guidelines sentence is both procedurally and substantively reasonable.

Accordingly, we affirm the judgment of the district court. In accordance with *Anders*, we have reviewed the record in this case and have found no meritorious issues for appeal. This court requires that counsel inform Long, in writing, of the right to petition the Supreme Court of the United States for further review. If Long requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Long. We dispense with oral

3

argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*